# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:13CV-00015-JHM

FAYE W. FORD AND BILL FORD                                               PLAINTIFFS

VS.

PIZZA HUT OF SOUTHEAST KANSAS, INC.
AND LARRY FUGATE                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Larry Fugate's motion for summary judgment [DN 12]. Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

On April 6, 2012, Plaintiff Faye Ford alleges that she slipped and fell in the bathroom of the Pizza Hut located in Central City, Kentucky ("Central City Pizza Hut"). Defendant Larry Fugate is the President of Pizza Hut of Southeast Kansas, Inc., which owns the Central City Pizza Hut. Plaintiffs claim that Defendants either negligently maintained the bathroom by failing to properly remedy or warn of the dangerous condition, or alternatively, the Defendants attempted to fix the problem but did so negligently. Plaintiff Faye Ford seeks damages for physical injuries related to the fall and Plaintiff Bill Ford seeks damages for loss of consortium.

The Defendant Larry Fugate seeks summary judgment on the basis that he, as a corporate officer, cannot be held liable for the negligence of the corporation. The Plaintiffs' position is that they need more time for discovery in order to properly respond to the motion for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. Id. Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. Id. If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. Lucas v. Leaseway Multi Transp. Serv., Inc., 738 F.Supp. 214, 217 (E.D.Mich.1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Id. (internal quotation marks omitted).

## III. ANALYSIS

Defendant Fugate argues that he cannot be held personally liable for actions against the corporation, as an officer of Pizza Hut, unless the Plaintiffs' injuries resulted from his negligence. He states in his affidavit that he was neither present at the Central City Pizza Hut at the time of the incident nor is personally responsible for managing, operating, or servicing that facility. Moreover, he contends that his duties are related to the corporate business and are unrelated to maintaining the Central City Pizza Hut. Plaintiffs do not refute any issue as to officer liability for negligence of the corporation; instead, Plaintiffs ask the court to allow more discovery before deciding this issue because this case is in its "infancy." (Pls.' Resp. to Def. Larry Fugate's Mot. for Summ. J., DN 13, at 2). Furthermore, Plaintiffs contend that "it would be nearly impossible for the plaintiff to respond to defendant's motion and certainly there are genuine issues of material fact at this time." (Id.). As to this point, Defendant Fugate states that the Plaintiffs have failed to meet the threshold standard for continued discovery.

After a party files for summary judgment, "the party opposing the motion may, by affidavit, explain why he is unable to present facts essential to justify the party's opposition to the motion." Summers v. Leis, 368 F.3d 881, 887 (6th Cir. 2004) (citing Fed. R. Civ. P. 56(f)[1]). However, "[t]he burden is on the party seeking additional discovery to demonstrate why such discovery is necessary." Id. (citing Wallin v. Norman, 317 F.3d 558, 563 (6th Cir. 2003)). "Bare allegations or vague assertions of the need for discovery are not enough," Id. (citations omitted) and the party opposing summary judgment must "state with 'some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help

---

[1] Rule 56(d) carries forward the provisions of former Rule 56(f). Fed. R. Civ. P. 56, Advisory Comm. Notes.

him in opposing summary judgment.'" Id. (citing Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1144 (Fed. Cir. 1996)). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). However, the Plaintiffs failed to file a Rule 56(d) affidavit or declaration to demonstrate a specific need to continue discovery for the claim against Defendant Fugate. "The importance of complying with Rule 56(f) cannot be overemphasized." See Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000). As a result, this Court denies Plaintiffs' request to stay resolution of Defendant Fugate's summary judgment motion. See Id. ("'Where party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate.'") (citing Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291, 294 (6th Cir. 1984)).

Even if this Court were to overlook the failure to file an affidavit or declaration pursuant to Rule 56(d), the Plaintiff's responsive motion opposing summary judgment fails to state with particularity any facts that they hope to obtain from discovery. Plaintiffs state as follows:

> The Defendant Larry Fugate's knowledge of the subject dangerous conditions and responsibility regarding the activities at the Pizza Hut in Central City are not known by Plaintiffs. The present action is literally in its infancy. No doubt in an effort to deny Plaintiffs the opportunity to develop their case, Defendant Larry Fugate has moved for summary dismissal. The Defendant's motion is premature. . . . . Under these circumstances it would be nearly impossible for the plaintiff to respond to defendant's motion and certainly there are genuine issues of material fact at this time.

(Pls.' Resp. to Def. Larry Fugate's Mot. for Summ. J., DN 13, at 2). A motion under Rule 56(d) may be properly denied when the requesting party "'makes only general and conclusory statements . . . regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered,'" Ball v. Union Carbide Corp., 385 F.3d 713, 720 (6th Cir. 2004) (quoting Ironside v. Simi Valley Hosp., 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit "lacks 'any details' or 'specificity.'" Id. (quoting Emmons v. McLaughlin, 874 F.2d 351, 357 (6th Cir. 1989)). The statements concerning the need for more discovery are merely conclusory and fail to demonstrate how additional discovery would overcome the summary judgment motion. Thus, this Court finds no reason to allow Plaintiffs to continue discovery on this issue.

The Defendant's summary judgment motion presents the question of whether an officer of a corporation may be held personally liable for the alleged negligence of the corporation. An officer of a corporation "'is personally liable for a tort *committed by him* although he was acting for the corporation.'" Smith v. Isaacs, 777 S.W.2d 912, 914 (Ky. 1989) (emphasis added) (quoting Peters v. Frey, 429 S.W.2d 847, 849 (Ky. 1968)); see also Young v. Vista Homes, Inc., 243 S.W.3d 352, 364 (Ky. Ct. App. 2007). Under these facts, Defendant Fugate could be held liable for any negligent act or omission personally made by him. However, Defendant Fugate's affidavit states as follows:

> 4. . . . As the President of Pizza Hut of Southeast Kansas, Inc., I do not personally manage, operate, maintain, or service the Central City Pizza Hut or its employees.
>
> 5. On April 6, 2012, I was working in Wichita, Kansas, my regular site for conducting office business. I was not present at the Pizza Hut in Central City, Kentucky on that date and I do not have any knowledge of the condition of the bathroom floor at the Pizza Hut in Central City on April 6, 2012.
>
> 6. I am not responsible for the day-to-day services, management, or operations at the Central City Pizza Hut. Employees of that restaurant are responsible for day-

to-day services, management, and operations and had that responsibility on April 6, 2012.

(Aff. of Larry Fugate, DN 12-3, at ¶¶ 4-6). Defendant Fugate's affidavit shifts the burden to the Plaintiffs by adequately demonstrating the absence of a genuine issue of material fact as to Defendant's liability. As previously stated, the Plaintiffs may not simply rely on raising doubt as to a factual issue in order to defeat a motion for summary judgment. Lucas, 738 F.Supp. at 217. Plaintiffs, as the parties bearing the burden of proof at trial on this issue, have failed to produce *any* evidence or fact that would be sufficient to require submission of the issue to the jury. Thus, Defendant Fugate's motion for summary judgment is **GRANTED** for Plaintiff Faye Ford's claims.

Plaintiff Bill Ford also asserts a claim for loss of consortium as a result of his wife's injuries. However, "such an action is derivative in nature, arising out of and dependent upon the right of the injured spouse to recover." Stamper, 2012 WL 2590353, *5 (quoting McDaniel v. BSN Medical, Inc., 2010 WL 4779767, *4 (W.D.Ky. Nov. 16, 2010) (citing Floyd v. Gray, 657 S.W.2d 936, 941 (Ky.1983) (Leibson, J., dissenting)). Since Defendant Fugate is entitled to summary judgment on the claims of Plaintiff Faye Ford, Defendant is also **GRANTED** summary judgment on the claim for loss of consortium asserted by Plaintiff Bill Ford.

### IV. ORDER

For the reasons previously stated, Defendant Fugate's motion for summary judgment (DN 12) is **GRANTED** and Defendant Fugate is dismissed from this action.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

August 20, 2013